UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| KIMBERLY STEELE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:06-CV-311-JTM |
| | ) | |
| THE POST-TRIBUNE COMPANY, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Kimberly Steele's Motion to Compel the Production of Certain Documents from Defendant [DE 33], filed by Plaintiff on August 9, 2007. Defendant filed a response on August 15, 2007, and Plaintiff filed a reply on August 22, 2007. As set forth in this Order, the Court grants in part and denies in part the motion.

In the Motion to Compel, Plaintiff seeks four categories of documents for the following individuals who are employees of Defendant: (1) Karen Caffarini; (2) Carole Carlson; (3) Todd Franko; (4) Paulette Haddix; (5) Michelle Holmes; (6) Tara Kingston (f/k/a Tara Wilson); and (7) David Rutter:

    (a)  The performance reviews for any of the people named above from 2003 to the present;
    (b)  Any documents relating to any discipline given to any of the employees named above;
    (c)  Any documents relating to the qualifications for any of the people named above for the positions that they held; and
    (d)  All documents relating to any excused absences, personal leave and sick leave for the people named above.

Through the course of the briefing of this motion, documents responsive to categories (a) and (b) of discovery have been provided by Defendant. In addition, Defendant represents that it has already produced the personnel file of Carole Carlson in the normal course of discovery. Therefore, Plaintiff

now only seeks to compel the production of the documents in categories (c) and (d) for (1) Karen Caffarini; (2) Carole Carlson; (3) Todd Franko; (4) Paulette Haddix; (5) Michelle Holmes; (6) Tara Kingston (f/k/a Tara Wilson); and (7) David Rutter.

This is a Title VII race discrimination and retaliation case in which Plaintiff contends that she was a talented reporter and deputy editor who was expressly told by managers and employees of the Post-Tribune that she would not be considered for an editor position with that newspaper because she was not African-American. Plaintiff further contends that Defendant newspaper has retaliated against her and continues to do so because she reported the Defendant's discriminatory actions to the Equal Employment Opportunity Commission. It appears from the briefing that the seven identified individuals all hold positions at the editor level or above. Both Carole Carlson and Plaintiff applied for the position of Porter County editor, and Carlson received the position. Plaintiff argues that the remaining categories of documents sought are relevant to her cause of action because Defendant has raised Plaintiff's absenteeism, Plaintiff's qualifications, and her alleged substandard work performance as potential defenses in this case.

District courts have broad discretion in matters relating to discovery. *See Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 813 (7th Cir. 2006) (citing *McCarthy v. Option One Mortgage Corp.*, 362 F.3d 1008, 1012 (7th Cir. 2004)). Federal Rule of Civil Procedure 26 provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Discovery is relevant if it appears reasonably calculated to lead to the discovery of admissible evidence. *Id*. The Court will address each category of documents sought in turn.

**A.  Documents relating to qualifications**

Plaintiff contends that the information sought regarding qualifications may assist in proving pretext for race discrimination or retaliation because it may show that Defendants were willing to advance these managers to positions that are comparable to those sought by but denied to Plaintiff although the managers' qualifications, background, or work performance are comparable to or worse than Plaintiff's.

To establish a prima facie case of race discrimination in employment under the indirect method, Plaintiff must show that (1) she is a member of a protected class; (2) she was meeting her employer's legitimate performance expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly situated employees outside of the protected class.  *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004).  Although not directly applicable to the instant discovery motion, when the claim is one of reverse race discrimination with a plaintiff who is Caucasian, as in this case, the burden on a plaintiff as to the first prong is modified.  *See Gore v. Ind. Univ.*, 416 F.3d 590, 592 (7th Cir. 2006); *Mills v. Health Care Serv. Corp.*, 171 F.3d 450, 454-57 (7th Cir. 1999).

When the adverse employment action is a failure to promote, a plaintiff must show that (1) she is a member of a protected class; (2) she applied for and was qualified for the position sought; (3) she was rejected for that position; and (4) the employer granted the promotion to someone outside the protected group who was not better qualified than the plaintiff.  *Grayson v. City of Chicago,* 317 F.3d 745, 748 (7th Cir. 2003).

To establish a claim of retaliation, Plaintiff must establish that she (a) engaged in statutorily protected activity; (b) was meeting her employer's legitimate employment expectations; (c) was subjected to an adverse employment action; and (d) was treated less favorably than similarly situated

3

employees who did not engage in protected activity. *See Kodl v. Bd. of Educ. Sch. Dist. 45, Villa Park*, 490 F.3d 558, 562 (7th Cir. 2007) (citing *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006)).

Once a prima facie case of discrimination or retaliation is established, the burden shifts to the defendant to provide a legitimate non-discriminatory reason for the adverse employment action. *Butts*, 387 F.3d at 924; *South v. Illinois Envtl. Prot. Agency*, – F.3d –, –, 2007 WL 2142296, *4 (7th Cir. July 27, 2007). Once Defendant has met that burden of production, Plaintiff must establish that the proffered reason was mere pretext. *See Butts*, 387 F.3d at 924; *South*, – F.3d at –, 2007 WL 2142296 at *4.

Other than Carole Carlson and Karen Caffarini, none of the editors for whom records of qualifications are sought applied for a position also sought by Plaintiff. Defendant represents that the personnel file for Carole Carlson has already been produced in the normal course of discovery and that it has agreed to produce documents relating to Caffarini's qualifications, having determined that Caffarini applied for one of the jobs sought by Plaintiff. It appears that, other than Carlson and Caffarini, all of the editors for whom qualifications documents are requested were involved in the decisions not to promote Plaintiff but were not themselves seeking positions also sought by Plaintiff.

However, Plaintiff argues that she is not seeking the qualifications documents for the purposes of her prima facie case of discrimination or retaliation. Rather, Plaintiff's use of the qualifications information is to demonstrate that Defendant's proffered legitimate non-discriminatory reason for its failure to promote her to editor positions that she sought, specifically that her credentials alone were insufficient to be an editor for the newspaper, was a pretext. The qualifications of current editors is relevant to the qualifications required by the newspaper to become an editor, including but not limited to credentials. Such information may demonstrate that the

4

identified editors had previously been promoted to or hired for positions similar to those subsequently sought by Plaintiff even though those editors' qualifications, background, or work performance was comparable to or worse than Plaintiff's. Such evidence may demonstrate that Defendant's argument that Plaintiff's credentials alone were insufficient to be an editor for the newspaper is a pretext for discrimination and/or retaliation.

Accordingly, the qualifications of those identified individuals is relevant to Plaintiff's discrimination and/or retaliation claim, and the Court grants the request to compel the production of documents as to the qualifications of those individuals.

### B. Documents relating to excused absences, personal leave, and sick leave

Plaintiff also seeks to compel the production of any documents related to any excused absences, personal leave, and sick leave for the same named individuals, all of whom hold positions at the editor level or above. In her deposition, Plaintiff claimed that, as part of the action taken by Defendant in retaliation for her filing a claim of race discrimination, Defendant has relied on Plaintiff's use of sick leave as a pretext to change her work hours to an undesirable night shift. Under the burden-shifting standard for retaliation set forth above in Part A, Plaintiff bears the burden of demonstrating that Defendant's proffered legitimate, non-discriminatory reason for placing her on the night shift is a pretext for retaliation. Plaintiff argues that she and the editors for whom she seeks these documents should be considered similarly situated for the purposes of determining what constitutes excessive absenteeism within the company; she reasons that a higher level of responsibility and accountability may be required of editors than for the position of deputy editor currently held by Plaintiff, thus requiring a stricter attendance policy.

5

In contrast with the issue of qualifications, where both Plaintiff and the current editors would have all been considered for editor-level positions at some point in time, the attendance records of individuals at the editor level or higher are not relevant to Plaintiff's argument that Defendant's explanation for placing her on the night shift is a pretext for retaliation. All of the individuals for whom attendance records are sought in the instant motion hold positions at the editor level or above. Plaintiff is a deputy editor. Many considerations other than attendance or absenteeism at the editor level may impact the effect of a positive or negative attendance record on decisions made regarding an editor's employment. In addition, Plaintiff agreed in her deposition that the terms and conditions of her employment are governed by the Collective Bargaining Agreement between the Post-Tribune and the Gary Newspaper Guild. None of the other individuals for whom Plaintiff seeks these records are guild members as they are at the editor level or above. Plaintiff's speculation, without more, as to what the company absenteeism policy may be and how the company deals with employee absenteeism in general is insufficient to render the attendance records of select editors in this case relevant to the issue of pretext for retaliation against Plaintiff who is a deputy editor. In contrast, how absenteeism may affect employment decisions with regard to other employees at the same level as Plaintiff, such as other deputy editors, is relevant to Plaintiff's pretext argument. Accordingly, the Court denies Plaintiff's request for the documents related to any excused absences, personal leave, and sick leave for the named individuals.

## CONCLUSION

Based on the foregoing, the Court now **GRANTS in part** and **DENIES in part** Plaintiff Kimberly Steele's Motion to Compel the Production of Certain Documents from Defendant [DE 33]. The Court **ORDERS** Defendant to produce documents, if it has not already done so, relating to the

employment qualifications of Karen Caffarini, Carole Carlson, Todd Franko, Paulette Haddix, Michelle Holmes, Tara Kingston, and David Rutter.  The remainder of the relief requested in the Motion is **DENIED**.

SO ORDERED this 30th day of August, 2007.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATE DISTRICT COURT

cc:  All counsel of record